IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADAM BREFO, | § | |
|     Plaintiff, | § | CIVIL ACTION NO. _____ |
| | § | |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| SWEETWATER POOLS, INC. and | § | |
| JAMES R. CHERNER | § | |
|     Defendants. | § | |

## **PLAINTIFF'S COMPLAINT**

Plaintiff Adam Brefo ("Brefo") now files this Complaint against Defendants Sweetwater Pools, Inc. and James R. Cherner. In support, Plaintiff states as follows:

### **PARTIES**

1. The Plaintiff, Adam Brefo, is a resident of Houston, Harris County, Texas.

2. Defendant Sweetwater Pools, Inc. ("Sweetwater") is a Texas corporation with its principal place of business in Houston, Harris County, Texas. It may be served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure and/or through its registered agent for service of process, James R. Cherner, at 6801 Baneway 3-V, Houston, Texas, 77072, at the offices of Sweetwater Pools, Inc., 10408 Rockley Road, Houston, Texas, 77099, or wherever else he may be found.

3. Defendant James R. Cherner ("Cherner") is the President and, upon information and belief, the sole director of Defendant Sweetwater Pools. Cherner may be served with process at either of the addresses listed in ¶ 2, above, wherever else he may be found, or as may otherwise be permitted under Rule 4 of the Federal Rules of Civil Procedure.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff alleges a claim arising under the laws of the United States.

5. This Court has personal jurisdiction over the Defendants because they have continuously and systematically done business within the state of Texas, and the claims asserted within this Complaint arise out of such business operations.

6. Venue is proper before this Court because all or a substantial part of the events or omissions giving rise to the claims arose within this judicial district.

## FACTS

7. Brefo is a long-time employee of Sweetwater, and has worked for it since approximately 2011.

8. Sweetwater was founded in 1975 by James Cherner and two others. Sweetwater has been in the business of pool construction, pool maintenance, and pool management in the Houston area for more than forty years. This has included providing pool management services for subdivisions, aquatic facilities, school districts, and country clubs since 1975. In connection with that line of business, it provides staff – like Brefo – to clean the pools and work throughout the Houston area as contracted lifeguards and maintenance personnel.

9. At all relevant times, Sweetwater has been an enterprise engaged in commerce because it has had employees engaged in commerce and has had annual gross volume of sales made or business done of at least $500,000.

10. Brefo does not have an actual job title. But, he has performed a wide variety of duties throughout his employment with Defendants. This has included custodial work, lifeguard work, handling chemical deliveries, working routes cleaning pools, and low-level supervisory

work of mostly teenage employees during the busy summer months. He often works extremely long days with a substantial weekly hours in excess of forty hours per week.

11. Throughout his employment with Defendants, Brefo has been a non-exempt employee for purposes of the Fair Labor Standards Act.

12. At all relevant times, moreover, Plaintiff was an employee engaged in commerce because he participated in the aforementioned chemical deliveries, many of which originated in states other than Texas and were shipped here for delivery to end users.

13. As noted above, Cherner is the founder, President, and top manager at Sweetwater. As a result, he has throughout Brefo's employment acted directly or indirectly in the interest of Sweetwater as it pertains to Brefo's employment. At all relevant times Cherner has dominated the administration of Sweetwater or otherwise acted, or had the power to act, on behalf of Sweetwater vis-à-vis its employees. The Fifth Circuit Court of Appeals has expressly noted that "'[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer with the corporation, jointly and severally liable under the FLSA for unpaid wages.'" *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir. 1984), *cert. denied, Grim Hotel Co. v. Brock,* 471 U.S. 1124 (1985), quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983). With respect to all employees of Sweetwater – including Brefo – Cherner falls within the FLSA's broad definition of "employer".

14. Throughout his employment with Defendants, Plaintiff regularly worked a substantial amount of overtime hours.

15. However, throughout his employment the Defendants have failed to pay Brefo for his overtime hours at the required overtime rate of 1 ½ times his regular hourly rate.

16. For much of his employment, at least until approximately April 2016, Brefo was paid by the hour. In March of 2016, though, Sweetwater informed its employees that it was changing its payroll schedule from semi-monthly to bi-weekly. It was not until approximately the following month – in April 2016 – that Brefo's paychecks suddenly began stating that he was being paid on a "salary" basis as opposed to the hourly basis reflected before April 2016.

17. Before that change, Brefo received hourly pay plus straight time for any overtime hours. Missing from those paychecks were the additional "and a half" overtime premium.

18. After the change, Sweetwater purported to pay Brefo a "salary", but it was simply engaging in a subterfuge to avoid its obligations under the FLSA. This is because he did not receive a set salary of any kind. His April 15, 2016 paystub, for example, had two lines for "Regular" earnings, one in the amount of $1292 and the other for $629.85. He then received a separate pay stub for the same time period paying him an additional $323 for "Additional Hours Worked $". His May 13, 2016 paystub reflected more than $2,000 for "Regular" earnings. The May 27 paystub again had two lines for "Regular" earnings, one for $1,292.00 and the other for $807.50.

19. Immediately prior to the change, Brefo was being paid $16.15 per hour, regardless of whether it regular time or overtime.

20. During the pay period running from May 9, 2016 through May 22, 2016, Brefo clocked 130 hours. This was 80 hours of regular time and 50 hours of overtime. On the two "Regular" earnings lines for that paystub, Brefo was paid $1,292.00 plus an additional $807.50. Mathematically, this came to 80 hours at $16.15/hour ($1,292.00) plus 50 more hours at $16.15/hour ($807.50).

21. By this time, Sweetwater knew that it was violating the Fair Labor Standards Act by failing to pay Brefo overtime. First, Sweetwater had just been sued in this Judicial District on December 29, 2015, in Case No. 4:15-cv-03736, *Sara Alice Tucker v. Sweetwater Pools, Inc.* In that case, Ms. Tucker alleged that she was not being paid overtime (in violation of the Fair Labor Standards Act), and asked the Court to certify a class of "[a]ll lifeguards **or other hourly workers** employed by Sweetwater Pools" who were performing duties similar to Tucker. (emphasis added). That lawsuit was pending throughout most of 2016, in fact. Incredibly, it was just a matter of weeks after Sweetwater was served with the suit that changed the method of Brefo's pay from hourly to "salaried". Upon information and belief, this was done to create a fiction that Mr. Brefo was being paid on a salaried basis and therefore was not entitled to overtime.

22. Moreover, during 2015 and/or 2016, Brefo understands that the Department of Labor was concurrently actively investigating Sweetwater's wage and hour practices. Brefo further believes that Sweetwater settled with the Defendant and paid overdue overtime compensation to some employees, along with Tucker (which whom it settled in the fall of 2016) for their FLSA violations. Despite the Department of Labor's investigation, Sweetwater took no steps to determine what its overtime obligations were, or to other wise comply with the FLSA, with respect to Brefo.

23. Finally, at various times in 2016 Brefo asked his Director why he was not being paid overtime. His Director insisted to him that it was because he was "salaried" and a "year round" employee, and he therefore was not entitled to receive overtime pay. Of course, there is no FLSA exemption for workers purported paid on a salary basis, just as there is no exemption for "year round" employees. Importantly, following Brefo's complaints neither Sweetwater nor Cherner

investigated to determine what their obligation were vis-à-vis Brefo's right to receive overtime pay.

24. Consequently, the Defendants have engaged in a willful violation of the Fair Labor Standards Act.

25. The bottom line is that the Defendants at all relevant times knew what their legal obligations were under the FLSA, but they simply failed to abide by them.

26. At all relevant times, the Defendants were each "employers", as that term is defined by the Fair Labor Standards Act.

27. At all relevant times, Plaintiff was a non-exempt employee who was entitled to receive overtime pay for hours worked in excess of forty per week.

28. Throughout Plaintiff's employment, Defendants failed to properly pay overtime owed to the Plaintiff in violation of the FLSA.

### FIRST CAUSE OF ACTION (UNPAID OVERTIME)

29. Brefo incorporates each of the foregoing allegations as if fully set forth herein.

30. Sweetwater has at all relevant times been an enterprise with employees working in commerce and with annual dollar sales or business of at least $500,000. It has therefore been at all relevant times subject to coverage under the FLSA.

31. Throughout his employment with Defendants, Plaintiff was working in commerce, meaning that he was at all times entitled to receive overtime compensation.

32. Sweetwater was an employer of Plaintiff as the term "employer" is defined by the FLSA.

33. Cherner was an employer of Plaintiff as the term "employer" is defined by the FLSA.

34. Each of the Defendants suffered or permitted Brefo to work in excess of 40 hours per week throughout his employment with them.

35. Despite suffering or permitting Brefo to work a substantial amount of overtime, the Defendants failed to abide by their statutory obligation to pay Brefo overtime compensation at a rate of 1 ½ times his regular rate.

36. Accordingly, Plaintiff now sues to recover those unpaid wages, plus liquidated damages in an amount equal to those unpaid wages. 29 U.S.C. § 216(b).

37. Defendants' violations of the FLSA were willful in that their violations were done knowingly or with reckless disregard for their obligations under the statute.

## ATTORNEY'S FEES

38. Plaintiff expressly pleads for an award of reasonable and necessary attorney's fees pursuant to 29 U.S.C. § 216(b).

## JURY DEMAND

39. The Plaintiff demands a jury trial.

## PRAYER

Wherefore, Plaintiff respectfully requests that the Defendants be cited to answer this Complaint and to defend against the allegations set forth herein. Plaintiff asks that the Court award, to the fullest extent allowed by law:

    a. Unpaid overtime wages as required by the FLSA;

    b. Liquidated damages in an amount equal to his unpaid overtime wages, also as required by the FLSA;

    c. Attorney's fees;

    d. Taxable court costs; and

    e. Such other and further relief to which Plaintiff may show himself entitled.

Respectfully submitted,

DOW GOLUB REMELS & GILBREATH, PLLC

/s/ Andrew S. Golub
Andrew S. Golub
S.D. Tex. No. 13812
Texas Bar No. 08114950
asgolub@dowgolub.com
2700 Post Oak Blvd., Suite 1750
Houston, Texas 77056
Telephone: (713) 526-3700
Facsimile: (713) 526-3750

ATTORNEY FOR PLAINTIFF
ADAM BREFO